**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Rafael MACIAS–ENCINAS,
Defendant—Appellant.**

No. 07–50353.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 5, 2008.

Filed Aug. 19, 2008.

Stewart M. Young, Esquire, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Shaun Khojayan, Esquire, Trial, San Diego, CA, for Defendant–Appellant.

Before: REINHARDT, MINER,* and BERZON, Circuit Judges.

MEMORANDUM **

Rafael Macias–Encinas ("Macias") appeals the district court's denial of his motion to suppress evidence seized by border patrol agents in connection with the stop of a vehicle in which he was a passenger. In support of his motion, Macias argues that: 1) the stop was not supported by reasonable suspicion, 2) his detention was unreasonably prolonged, and 3) the agents lacked probable cause to arrest him.

■ We affirm the district court's finding that reasonable suspicion supported the stop. Border patrol agents observed three trucks pull into a campground located within a mile of the border, watched as the individuals from the trucks unloaded vehicles capable of traversing the sand dunes, saw those vehicles head in the direction of Mexico, and observed a man

---

* The Honorable Roger J. Miner, Senior United States Circuit Judge for the Second Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

with binoculars surveying the interstate before meeting with the individuals when they returned to the campground—behavior that in the officers' experience was characteristic of scouting, which is associated with drug smuggling. In light of the totality of the circumstances, the officers had a " 'particularized and objective basis' " for suspecting criminal activity. *United States v. Berber–Tinoco*, 510 F.3d 1083, 1087 (9th Cir.2007) (quoting *United States v. Cortez*, 449 U.S. 411, 417–18, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981)).

■ Macias also appeals the district court's ruling that his forty-five minute detention on the side of the highway in 114–degree heat while a police dog was obtained to conduct a dog-sniff was not unreasonably prolonged. Police must " 'diligently pursue their investigation' " and may not prolong a detention unnecessarily. *United States v. Sharpe*, 470 U.S. 675, 685, 105 S.Ct. 1568, 84 L.Ed.2d 605 (1985) (quoting *United States v. Place*, 462 U.S. 696, 709, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983)); *see also Florida v. Royer*, 460 U.S. 491, 500, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983). "It is the State's burden to demonstrate that the seizure it seeks to justify on the basis of a reasonable suspicion was sufficiently limited in scope and duration to satisfy the conditions of an investigative seizure." *Royer*, 460 U.S. at

500, 103 S.Ct. 1319. Despite the lack of any explanation for the delay by the government, the district court ruled that forty-five minutes was not unreasonable given that the stop occurred "in the middle of an area." Because there are no facts in the record to explain why it took forty-five minutes to obtain the services of a dog, it is not possible to determine whether the length of the detention was reasonable, particularly given the extreme heat. We therefore remand to the district court to conduct a hearing that will enable it to determine whether the officers diligently pursued their investigation and whether the delay was reasonable under the circumstances.[1] *See Place*, 462 U.S. at 707–10, 103 S.Ct. 2637.

■ We affirm the district court's rejection of Macias' alternative argument that the evidence should be suppressed because the officers lacked probable cause to arrest him even after discovering the marijuana. Based on the officers' observations of Macias and the quantity of marijuana found in the car, the officers had such probable cause. *See United States v. Carranza*, 289 F.3d 634, 641 (9th Cir.2002). Furthermore, the evidence at issue here was not the fruit of Macias's arrest, as it was discovered before the arrest. *See Wong Sun v. United States*, 371 U.S. 471, 491, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

1. The district court did not consider whether Macias would have standing to suppress the evidence. In *United States v. Pulliam*, 405 F.3d 782, 786 (9th Cir.2005), we left open the question whether a passenger has standing to seek suppression of evidence obtained after a lawful stop if the detention of a car is a de facto seizure of the passenger. As the government conceded at oral argument, if that question were to be answered in the affirmative, Macias would likely have the necessary standing here. On remand, Macias may argue that the detention of the vehicle amounted to a seizure of his person because he could not

" 'be expected to wander off down the highway in an unfamiliar area' " in the middle of the desert. *Id.* (quoting *United States v. Dortch*, 199 F.3d 193, 197 n. 4 (5th Cir. 1999)). Because "[s]tanding to challenge a search or seizure is a matter of substantive Fourth Amendment law rather than of Article III jurisdiction," *United States v. Huggins*, 299 F.3d 1039, 1050 n. 15 (9th Cir.2002), we need not decide in the first instance whether Macias has standing. The district court should consider the question on remand if it concludes that the detention was unreasonably prolonged.

**62**

VACATED and REMANDED.[2]

2. Macias's motion for interim billing is denied. Counsel may submit his bill for services on appeal in the normal course.

